1

W. RANDOLPH PATTON, ESQ.
Nevada Bar No.: 000365

2

**PATTON & KIRALY, P.C.**

3

3016 West Charleston Blvd., Suite 195
Las Vegas, Nevada 89102

4

(702) 870-6790  - *Phone*
(702) 870-7490  - *Facsimile*

5

rpatton@pattonkiraly.com

6

*Attorney for Defendants*

7

*CALIFORNIA CASUALTY INDEMNITY EXCHANGE*

8

### UNITED STATES DISTRICT COURT

9

### DISTRICT OF NEVADA

10

11

JEANNE ALEXANDER,

CASE NO.:   2:12-cv-01836

12

Plaintiff,

13

vs.

14

CALIFORNIA CASUALTY INDEMNITY

15

EXCHANGE; DOES I through XV; ROE
CORPORATIONS I through X, inclusive,

16

17

Defendants.

18

### PETITION FOR REMOVAL

19

20

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

21

FOR THE DISTRICT OF NEVADA:

22

The Petitioner, CALIFORNIA CASUALTY INDEMNITY EXCHANGE, by and

23

through its undersigned counsel respectfully Petitions the Court for an Order removing

24

the above-entitled action to the United States District Court and alleges as follows:

25

1.  Petitioner, CALIFORNIA CASUALTY INDEMNITY EXCHANGE, is the

26

Defendant in the above entitled action.

27

2.  Defendant/Petitioner CALIFORNIA CASUALTY INDEMNITY EXCHANGE  is

28

a California company with its principal place of business in San Mateo, California. The Plaintiff is a citizen of Nevada. There are no other named defendants to this suit.

3. The above-entitled action was commenced against the Petitioner on September 9, 2012, in the District Court, Clark County, Nevada, and is now pending in such Court as Case No. A-12-668182-C.

4. The Petitioner was served by mail with the Summons and Complaint in Case No. A-12-668182-C by the Department of Commerce, Insurance Division of the State of Nevada on September 27, 2012. The Summons and Complaint were received by Petitioner on October 3, 2012, the date Defendant first received a copy of the Summons and Complaint.

5. The above action is an action for damages wherein the amount in controversy exceeds the sum of $75,000.00. In support of this allegation, Petitioner further states as follows:

This case arises out of a motor vehicle accident that occurred on May 14, 2011. At that time, the plaintiff was an occupants in a vehicle insured with a policy including underinsured motorist coverage (UIM) benefits. The UIM limits of the policy on its face are $100,000.00 per person and $300,000.00 per occurrence.

In her Complaint, Plaintiff Jeanne Alexander alleges two claims for relief: Breach of Contract; and Breach of the Covenant of Good Faith and Fair Dealing. The first Claim for Relief alleges medical special damages in excess of $52,000, with future additional medical expenses. See Par, 9 of Complaint. That same claim also alleges "in excess of $52,000" of general damages. *Id.* at par. 13. The second claim for relief also alleges general damages in excess of $52,000. *Id.* at par. 23. The sum of such claimed damages is $156,000.00.

1    Additionally, by virtue of the extra contractual claims of bad faith which have

2    been joined with the contract claim, the amount in controversy is also met.  As a

3    consequence, claimed damages may exceed the statutory jurisdictional amount of

4    $75,000.00 for Federal Court. For these reasons, the jurisdictional prerequisite has

5    been met in this case.

6        6.  There is diversity of citizenship between Plaintiff and Defendant and this

7    Court has jurisdiction over the above entitled action pursuant to 28 USC Section 1332

8    and 28 USC Section 1441.

9        7.  Copies of the Summons, Complaint and Proof of Service showing that the

10    Complaint was served on Defendant on September 27, 2012, are attached hereto as

11    Petitioner's Exhibit "A".

12        WHEREFORE, Petitioner requests that the above entitled action be removed

13    from the District Court, Clark County, Nevada to this Court.

14        DATED this 23rd day of October, 2012.

15                        PATTON & KIRALY, P.C.

16                        By:
                             W. RANDOLPH PATTON, ESQ.
                             Nevada Bar No. 000365
                             3016 W. Charleston Blvd., Suite 195
                             Las Vegas, NV 89102
                             *Attorneys for CALIFORNIA CASUALTY INDEMNITY EXCHANGE*

## CERTIFICATE OF MAILING

Pursuant to N.R.C.P. (5)(b), I hereby certify that service of the foregoing

***PETITION FOR REMOVAL*** was made on the 23rd day of October, 2012, by depositing

a true copy of the same for mailing with the USPS at Las Vegas, Nevada, addressed to:

> Gregory V. Cortese, Esq.
> Patti, Sgro & Lewis
> 720 S. 7th St., 3rd Floor
> Las Vegas, NV 89101
> F: 702-386-2737
> gcortese@pattisgrolewis.com
> *Attorneys for Plaintiff*
> *JEANNE ALEXANDER*

*Angie Henderson*
_____
An Employee of PATTON & KIRALY, P.C.

**Exhibit A**

BRIAN SANDOVAL
*Governor*

STATE OF NEVADA

TERRY JOHNSON
*Director*

 OCT 0 3 2012

SCOTT J. KIPPER
*Commissioner*

DEPARTMENT OF BUSINESS AND INDUSTRY
## DIVISION OF INSURANCE
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700   •   Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.state.nv.us

October 2, 2012

California Casualty Indemnity Exchange
Attn: James M. Sevey
1900 Alameda De Las Pulgas
San Mateo, CA 94403

RE:   Jeanne Alexander vs. California Casualty Indemnity Exchange, et al.
District Court, Clark County, Nevada
Case No. A-12-668182-C

Dear Mr. Sevey:

Enclosed please find the following documents: Summons and Complaint. These documents have been served upon the Commissioner of Insurance as your attorney for service of process on September 27, 2012 in our Las Vegas office.

The appropriate action should be taken immediately, as you may only have 30 days from the date of this service to respond.

If you have any questions regarding this service, please advise.

Sincerely,

SCOTT J. KIPPER
Commissioner of Insurance

By:  _____
BETSY GOULD
Service of Process Clerk

Enclosures

c:   Stephen K. Lewis, Esq.

BRIAN SANDOVAL
*Governor*

**STATE OF NEVADA**

TERRY JOHNSON
*Director*

SCOTT J. KIPPER
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
## DIVISION OF INSURANCE
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700   •   Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.state.nv.us

October 2, 2012

Stephen K. Lewis, Esq.
Patti, Sgro & Lewis
720 South Seventh Street, Third Floor
Las Vegas, NV 89101

RE:    Jeanne Alexander vs. California Casualty Indemnity Exchange, et al.
       District Court, Clark County, Nevada
       Case No. A-12-668182-C

Dear Mr. Lewis:

The service of process documents were served upon the Commissioner of Insurance on September 27, 2012 in our Las Vegas office. Service has been completed on defendant, California Casualty Indemnity Exchange, this date and enclosed are the following:

1.    A copy of our letter to California Casualty Indemnity Exchange dated October 2, 2012.
2.    Copy of the Proof of Service dated October 2, 2012.
3.    Your receipt in the amount of $30.00.

Pursuant to *Nevada Revised Statutes* 680A.260, 685A.200, and 685B.050, all documents after initial service of process may be served directly to the party.

If you have any questions regarding this service, please so advise.

Sincerely,

SCOTT J. KIPPER
Commissioner of Insurance

By:    _____
       BETSY GOULD
       Service of Process Clerk

Enclosures
c:    California Casualty Indemnity Exchange

## PROOF OF SERVICE

I hereby declare that I have this date served a copy of the Summons and Complaint upon the following defendant in the within matter, by shipping a copy thereof, via FedEx, to the following:

> California Casualty Indemnity Exchange
> Attn: James M. Sevey
> 1900 Alameda De Las Pulgas
> San Mateo, CA 94403
> FEDEX NO: 7991 0344 1810

I declare, under penalty of perjury, that the foregoing is true and correct.

DATED this 2nd day of October, 2012.

BETSY GOULD
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

RE:   Jeanne Alexander vs. California Casualty Indemnity Exchange, et al.
      District Court, Clark County, Nevada
      Case No. A-12-668182-C

State of Nevada, Division of Insurance
The document on which this certificate
is stamped is a full, true and correct
copy of the original

Date: 10/2/12  By: _____

-1-

SUMM
STEPHEN K. LEWIS, ESQ
Nevada Bar No.:7064
PATTI, SGRO & LEWIS
720 South Seventh Street, Third Floor
Las Vegas, Nevada 89101
Telephone: (702) 385-9595
*Attorneys for Plaintiffs*

RECEIVED
SEP 2 7 2012
DIVISION OF INSURANCE
STATE OF NEVADA

RECEIVED
OCT - 1 2012
DIVISION OF INSURANCE
STATE OF NEVADA

COPY

## DISTRICT COURT
## CLARK COUNTY, NEVADA
***

JEANNE ALEXANDER,

              Plaintiff,

    vs.

CALIFORNIA CASUALTY INDEMNITY
EXCHANGE;  DOES I through XV, and ROE
Corporations I through X, inclusive,

           Defendants.

CASE NO.:  A-12-668182-C
DEPT NO.:  XXX

## SUMMONS – CIVIL

**CALIFORNIA CASUALTY INDEMNITY EXCHANGE**
**C/O State of Nevada Insurance Commissioner**
**2501 East Sahara Ave., Suite 302**
**Las Vegas, NV 89104**

**NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 30 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for

the relief set forth in the Complaint.

    1.      If you intend to defend this lawsuit, within 30 days after this Summons is served

           on you, exclusive of the day of service, you must do the following:

           (a) File with the Clerk of this Court, whose address is shown below, a formal

1    written response to the Complaint in accordance with the rules of the Court,

2    with the appropriate filing fee.

3    (b) Serve a copy of your response upon the attorney whose name and address is

4    shown below.

5    2.    Unless you respond, your default will be entered upon application of the

6    Plaintiff(s) and failure to so respond will result in a judgment of default against

7    you for the relief demanded in the Complaint, which could result in the taking of

8    money or property or other relief requested in the Complaint.

9    3.    If you intend to seek the advice of an attorney in this matter, you should do so

10   promptly so that your response may be filed on time.

11   4.    The State of Nevada, its political subdivisions, agencies, officers, employees,

12   board members, commission members and legislators each have 45 days after

13   service of this Summons within which to file an Answer or other responsive

14   pleading to the Complaint.

STEVEN D. GRIERSON
CLERK OF COURT

Submitted by:

WALTER ABREGO-BONILLA SEP 2 0 2012
By:_____
Deputy Clerk            Date
Regional Justice Center

STEPHEN K. LEWIS, ESQ
Nevada Bar No.:7064
PATTI, SGRO, LEWIS & FERRAN
720 South Seventh St., Third Floor
Las Vegas, Nevada 89101
Telephone No.: (702) 385-9595
Facsimile No.:  (702) 386-2737
*Attorneys for Plaintiff*

**NOTE: When service is by publication, add a brief statement of the object of the action.
See Nevada Rules of Civil Procedure 4(b).**

COMP
STEPHEN K. LEWIS, ESQ.
Nevada Bar No.: 7064
PATTI, SGRO & LEWIS
720 South Seventh Street, Third Floor
Las Vegas, Nevada 89101
Telephone: (702) 385-9595
*Attorneys for Plaintiffs*

RECEIVED
SEP 27 2012
DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
09/11/2012 05:06:12 PM

CLERK OF THE COURT

RECEIVED
OCT - 1 2012
DIVISION OF INSURANCE
STATE OF NEVADA

## DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| JEANNE ALEXANDER, | CASE NO.: A - 1 2 - 6 6 8 1 8 2 - C |
| Plaintiff, | DEPT NO.: X X X |
| vs. | |
| CALIFORNIA CASUALTY INDEMNITY EXCHANGE; DOES I through XV; ROE CORPORATIONS I through X, inclusive, | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

COMES NOW, Plaintiff, JEANNE ALEXANDER, by and through her attorney of record, STEPHEN K. LEWIS, ESQ., of the law firm of PATTI, SGRO & LEWIS, for causes of action against the Defendants, and alleges as follows:

### GENERAL ALLEGATIONS

1.      That Plaintiff, JEANNE ALEXANDER, is and was at all times relevant hereto a resident of the County of Clark, State of Nevada.

2.      That Defendant, CALIFORNIA CASUALTY INDEMNITY EXCHANGE, is and was at all times relevant hereto a business entity domiciled in the State of California and authorized to do business of property, casualty and auto insurance in the State of Nevada, and is currently active and in good standing in the State of Nevada and has been so since August 1, 1960.

///

-1-

3.      That the true names or capacities, whether individual, corporate, association or otherwise, of Defendants DOES I through XV, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names: Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as a DOE and ROE CORPORATIONS are responsible in some manner for the events and happenings referred to and caused damages proximately to the Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend her Complaint, to insert the true names and capacities of DOES I through XV, and ROE CORPORATIONS I through X, when the same have been ascertained and to join such Defendants in this action. Plaintiff is informed and believes that DOE individuals, VI through X, are agents, employees and/or assigns of Defendants designated as ROE CORPORATIONS I through X. Plaintiff is informed and believes that DOE individuals, XI through XV, are owners, operators, lessors or individuals otherwise within possession and control of the motor vehicles herein alleged, who maintain the motor vehicles herein alleged, and/or are individuals otherwise within the flow of traffic related hereto. Plaintiff is informed and believes that ROE CORPORATIONS I through V are owners, lessors and/or maintainers of the motor vehicles herein alleged, and/or are in some manner responsible for the actions and omissions of their employees, agents, assigns, lessees and/or predecessors or successors in interest related hereto. Plaintiff is informed and believes that ROE CORPORATIONS VI through X are insurers of Plaintiff and/or the motor vehicles and/or parties herein alleged and provided insurance to include, but not limited to, uninsured and underinsured motor coverage, umbrella, disability, death and funeral benefits, medical payments and/or other for Plaintiff and/or any party hereto of DOE or ROE.

///

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

4.      That at all times relevant hereto, Plaintiff, JEANNE ALEXANDER, was the passenger of a certain 2005 Toyota Rav4 (VIN# JTEGD20V950094053) driven by MISTY ATWOOD.

5.      That the vehicle in which Plaintiff was a passenger had in effect on May 14, 2011, a Policy of Uninsured/Underinsured automobile insurance (Policy/Claim # 102 1946763/59300031957) with the Defendant; that the Policy provides certain benefits to JEANNE ALEXANDER as specified in the Policy; and the Policy included Uninsured/Underinsured coverage in the amount of $100,000.00 per person / $300,000.00 per accident (hereinafter, the "Policy Limits").

6.      That on or about May 14, 2011, an unknown vehicle was traveling southbound on S. Boulder Highway approaching Sturm Street, in Clark County, Nevada. MISTY ATWOOD was driving her light green 2005 Toyota RAV4 directly behind the unknown vehicle, with Plaintiff JEANNE ALEXANDER as her passenger. PATRICK HARRISON was driving a black 1995 Honda Accord directly ATWOOD's vehicle. The unknown vehicle made a hard braking action and an unsafe lane change in an attempt to go westbound on Sturm Street. As a result of the abrupt movements and unsafe lane change made by the unknown vehicle, the 1995 Honda Accord and MISTY ATWOOD's vehicle were forced to brake very quickly. The front of PATRICK HARRISON'S Honda Accord made contact with the rear of the vehicle in which Plaintiff was riding.

7.      That Plaintiff, JEANNE ALEXANDER, requested and made a claim that Defendant, CALIFORNIA CASUALTY INDEMNITY EXCHANGE, provide all applicable automobile insurance policy coverage for her as provided under the terms of the policy.

8.      That the negligent driver PATRICK HARRISON automobile insurance carrier, TITAN INSURANCE COMPANY, tendered its policy limits to the Plaintiff, and that Plaintiff's damages exceed such policy limits.

9.      That Plaintiff, JEANNE ALEXANDER, suffered serious and permanent injuries and has experienced, and continues to experience, pain and suffering from those injuries, and has been caused to incur medical expenses in excess of $52,000.00 and will in the future be caused to incur additional medical expenses.

10.     That Plaintiff, JEANNE ALEXANDER, has duly performed all the conditions, provisions and terms of the Policy relating to the losses sustained as a result of the May 14, 2011, automobile accident and has furnished and delivered to Defendants, and each of them, full and complete particulars of said loss and has fully complied with all the provisions of the Policy relating to the giving of notice of said loss, and has given all other notices required to be given to the Defendants under the terms of the Policy.

11.     That Defendants, and each of them, are in breach of contract by their actions, which include, but are not limited to:

      a. Failing to reasonably evaluate Plaintiff's claim; and

      b. Failing to settle within the Policy Limits when there was a commercially reasonable opportunity to do so.

12.     As a proximate result of the aforementioned breach of contract, Plaintiff, JEANNE ALEXANDER, has suffered and will continue to suffer losses and damages for future medical expenses which will be incurred as a result of the May 14, 2011, automobile accident.

13.   As a further proximate result of the aforementioned breach of contract, Plaintiff, JEANNE ALEXANDER, suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to her general damages in excess of $52,000.00.

14.   As a further proximate result of the aforementioned breach of contract, Plaintiff, JEANNE ALEXANDER, was compelled to retain legal counsel to prosecute this claim, and Defendants, and each of them, are liable for her attorney's fees reasonably and necessarily incurred in connection therewith.

### SECOND CLAIM FOR RELIEF

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

15.   Plaintiff repeats, realleges and incorporates by this reference each and all of the allegations contained in paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16.   That MISTY LYNN ATWOOD purchased the above-described Policy of Uninsured/Underinsured automobile insurance form the Defendants, and that the Policy provides certain benefits to JEANNE ALEXANDER as specified in the Policy, including Uninsured/Underinsured coverage up to the Policy Limits.

17.   That Plaintiff, JEANNE ALEXANDER, requested and made a claim that Defendant, CALIFORNIA CASUALTY INDEMNITY EXCHANGE, provide all applicable automobile insurance policy coverage for her as provided under the terms of the Policy.

18.   That Plaintiff, JEANNE ALEXANDER, has duly performed all the conditions, provisions and terms of the Policy relating to the losses sustained as a result of the May 14, 2011, automobile accident and has furnished and delivered to Defendants, and each of them, full and

complete particulars of said loss and has fully complied with all the provisions of the Policy relating to the giving of notice of said loss, and has given all other notices required to be given to the Defendants under the terms of the Policy.

19.   That a duty of good faith and fair dealing is implied in every contract.

20.   That Defendants, and each of them, owed Plaintiff, JEANNE ALEXANDER, the duty of good faith and fair dealing regarding her claim made pursuant to the above-described Policy of Uninsured/Underinsured automobile insurance.

21.   That Defendants, and each of them, acted arbitrarily, unreasonably and unfairly by refusing to settle within the Policy Limits when they had a commercially reasonable opportunity to do so; and that Defendants' arbitrary refusal was not in good faith.

22.   That as a proximate result of the aforementioned breach of the implied covenant of good faith and fair dealing, Plaintiff, JEANNE ALEXANDER, has suffered and will continue to suffer in the future, losses and damages that include future medical expenses that will be incurred as a result of the May 14, 2011, automobile accident.

23.   That as a further proximate result of the aforementioned breach of the implied covenant of good faith and fair dealing, Plaintiff, JEANNE ALEXANDER, has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, all to her general damages in excess of $52,000.00.

24.   That as a further proximate result of the aforementioned breach of the implied covenant of good faith and fair dealing, Plaintiff was compelled to retain legal counsel to prosecute this claim, and Defendants, and each of them, are liable for her attorney's fees reasonably and necessarily incurred in connection therewith.

-6-

WHEREFORE, Plaintiff, JEANNE ALEXANDER, expressly reserves her right to amend this Complaint at the time of the trial of the action herein to include all items of damage not yet ascertained, and hereby demands judgment against Defendants, CALIFORNIA CASUALTY INDEMNITY EXCHANGE; DOES I through XV, and ROES I through X, as follows:

1. All amounts due and owing under the Policy for bodily injury to Plaintiff resulting from the May 14, 2011, automobile accident.

2. For General damages in an amount in excess of $10,000.00;

2. For Costs of this suit;

3. For Attorney's fees;

4. For prejudgment and post-judgment interest at the legal rate;

5. For such other and further relief as to the Court may deem just and proper in the premises.

DATED this ___11th___ day of September, 2012

PATTI, SGRO & LEWIS

STEPHEN K. LEWIS, ESQ.
Nevada State Bar No. 7064
720 S. 7th Street 3rd Floor
Las Vegas, Nevada 89101
(702) 385-9595
*Attorneys for Plaintiff*